BEN DUPRE, Bar No. 231191
2005 De La Cruz Bld., Suite 203
Santa Clara, CA 95050
Tel: 408-727-5377
Fax: 408-727-5310
bendupre@gmail.com

RONALD WILCOX, Bar No. 176601
Attorney at Law
1900 The Alameda St., 530
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
ronaldwilcox@post.harvard.edu

Counsel for the Plaintiff, Lynette Ancheta

**ORIGINAL FILED**

APR 24 2013

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA –

SAN JOSE DIVISION

| | |
|---|---|
| LYNETTE ANCHETA, | Case No. CV13-01883 PSG |
| Plaintiff, | **COMPLAINT** |
| v. | |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, BETH DOE, TIFFANY DOE, DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## I. INTRODUCTION

1. Ms. Ancheta is a victim of identity theft. Someone committed fraud, stole her identity and purchased a Verizon cellular phone and phone line, in her name. In December 2012, Ms. Ancheta found out about the identity theft and immediately notified the police and Verizon. Despite sending multiple letters, engaging in multiple telephone calls with the

COMPLAINT

1

fraud department, and sending multiple police reports, Verizon refuses to cease attempting to collect the debt, telephoning Ms. Ancheta all hours of the day, multiple times a day, despite her requests to cease, and then sent the fraudulent account to a third party debt collector to pressure her to pay.

2. As a result of defendants unlawful acts and omissions, Ms. Ancheta suffered actual damages in the form of serious and severe physical and emotional injury, credit damage, loss of credit opportunities, emotional distress, including nervousness, stress, paranoia, embarrassment, humiliation, anger, loss of concentration at work and home, fear, hopelessness, sleep problems, bowel problems, frustration, anxiety, depression, irritation, and loss of enjoyment of life, among other negative emotions.

3. According to the FBI, Identity Theft is the fastest growing crime in the United States. In 2012 alone, 12.6 million people in the United States became victims of identity theft. According to the FDCPA, 15 U.S.C. 1692, which California's Fair Debt Collection Statute incorporates:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, **to the loss of jobs**, and to **invasions of individual privacy**.
>
> (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

Verizon's conduct is part of a business plan and practice of unlawful collection abuse and telephone practices. Defendants have a history or plan of unlawful collection and telephone practices. See *In Martin v. Cellco Partnership d/b/a Verizon Wireless*, No. 12 C 5147, 2012 WL 5048854 (N.D. Ill. Oct. 18, 2012)(Verizon liable for collection calls in violation of the TCPA made by debt collectors on its behalf); *Harrier v. Verizon Wireless*

COMPLAINT

*Pers. Communs. LP*, 2012 U.S. Dist. LEXIS 120419 (M.D FL 2012)(violations of TCPA); *Anderson v. CBE Group, Inc.*, 2011 U.S. Dist. LEXIS 42334 (N.D. IL 2011)(violations of TCPA); *Lucero v. CBE Group, Inc.*, 2010 U.S. Dist. LEXIS 103976 (N.D. IL 2010)(false statements in violation of FDCPA).

## II. JURISDICTION AND VENUE

4. Defendants are authorized to do business and do business in California.

5. Jurisdiction of this Court arises under 28 U.S.C. § 1337, and supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

7. Plaintiff, Lynette Ancheta ("Ms. Ancheta"), is a natural person residing in San Jose, California. Ms. Ancheta is a "person" as defined by Cal. Civil Code sections 1788.2(g) a "debtor" as defined by Cal. Civil Code section 1788.2(h), and victim of identity theft defined by Cal. Civil Code section 1798.92(d).

8. Defendant, CELLCO PARTNERSHIP d/b/a Verizon Wireless ("Verizon") is a debt collector as that term is defined by California Civil Code section 1788.2(c). Verizon is a "claimant" as defined by Cal. Civil Code section 1798.92(a).

9. Beth DOE, is an employee and debt collector who regularly collects debts on behalf of Verizon.

10. Beth DOE is a debt collector as that term is defined by California Civil Code section 1788.2(c).

11. Tiffany DOE, is an employee and debt collector who regularly collects debts on behalf of Verizon.

COMPLAINT

12. Tiffany DOE is a debt collector as that term is defined by California Civil Code section 1788.2(c).

13. Defendants, Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Ms. Ancheta, and who are sued by such fictitious names. Ms. Ancheta is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Ms. Ancheta. Ms. Ancheta will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

14. Ms. Ancheta alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants. And in doing the things herein alleged, Defendants were acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants.

15. Defendants authorized, approved, and/or ratified the acts herein.

16. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Ms. Ancheta to refer to all the defendants above.

## IV. FACTS

### Ms. Ancheta Discovers She is a Victim of Identity Theft

17. Ms. Ancheta is a victim of identity theft.

18. In early December 2012, someone purchased a cellular phone line in the name of Ms. Ancheta without her knowledge or consent.

19. Ms. Ancheta already had a legitimate account with Verizon that she had opened before the identity theft occurred.

COMPLAINT

20. Ms. Ancheta was using this legitimate Verizon account/line when the identity theft occurred.

21. On or around December 2012, Ms. Ancheta traveled to the Verizon store where the fraudulent phone was purchased to investigate.

22. Ms. Ancheta was told that the store's surveillance videotape would show who purchased the phone.

23. Ms. Ancheta requested the surveillance videotape.

24. Verizon refused to produce the requested videotape.

**Verizon Dismissively Rejects Ms. Ancheta and Demands Payment**

25. On or about December 26, 2012, Ms. Ancheta informed Verizon that she had been a victim of identity theft.

26. Verizon provided Ms. Ancheta a case number.

27. On or about December 26, 2012, Ms. Ancheta informed Tanya in the Verizon's Wireless' Fraud Department that she had been a victim of identity theft.

28. On or about December 28, 2012, Ms. Ancheta submitted a copy of her California's driver's license and a police report, evidencing she was a victim of identity theft to Verizon's Fraud Department.

29. On or about December 28, 2012, Ms. Ancheta spoke with Tiffany at Verizon's Wireless Fraud Department.

30. Tiffany was very rude and dismissive to Ms. Ancheta in discussing the fraud claim.

31. Tiffany indicated that the amount stemming from the fraud was still owed.

32. Tiffany was not willing to update the account to indicate that fraudulent charges were not owed.

33. In late December 2012, Ms. Ancheta went back to the Verizon store and spoke with two Verizon employees, Christian and Ricardo.

COMPLAINT

34. Ms. Ancheta was told that she was not the individual who fraudulently purchased the phone line and phone.

35. Yet, on or about January 3, 2013, Verizon sent Ms. Ancheta an e-mail informing her that it had denied her claim of fraud and was holding her responsible for the charges, and in essence she would have to pay the debt.

36. On or about January 4, 2013, Ms. Ancheta spoke with Beth, an employee in Verizon's fraud department.

37. Beth was very rude and dismissed Ms. Ancheta.

38. Beth indicated that the amount stemming from the fraud was still owed.

39. Beth was not willing to update the account to indicate that fraudulent charges were not owed.

40. On or about January 7, 2013, Ms. Ancheta again faxed Verizon a police report with a letter stating, in part:

> "I am sending you again a copy of the police report that I had already sent you last 1/2/2013 via fax no (408)251-8991. It really frustrates me that you guys have been so rude to me on the phone. What more do I have to do? This has made me hopeless and is driving me crazy! I feel you don't care and all you want is your money."

41. On or about January 8, 2013, Ms. Ancheta spoke with Lucy, another employee in Verizon's fraud department.

42. Lucy stated Verizon had received Ms. Ancheta's police report.

**Ms. Ancheta Pays Her Verizon Bill to Try and Maintain Her Phone Line**

43. On or about January 10, 2013, Ms. Ancheta sent Verizon a check in the amount of $150.50 to cover the charges related only to the account she had opened before the identity theft occurred. Along with her check, Ms. Ancheta stated, in part:

> "There were additional charges on my Verizon Account amounting to $724.05 due by January 8, 2013 in which are

COMPLAINT

fraudulent. I am currently disputing this case as I write this letter. Fraudulent Account Number 372040720-0003.

I have called the Fraud Department many times and sent all the requested documents to get this fixed. I am extremely stressed! I feel hopeless and frustrated. I feel you don't want to properly investigate this serious matter. You just want to collect your money!"

44. On or about January 12, 2013, Verizon sent Ms. Ancheta a letter stating, in part:

"Thank you for being a Verizon Wireless customer. This letter confirms the addition of line 408-890-1607 to your account on December 10, 2102. See a snapshot of your service below."

45. On or about January 29, 2013, Verizon sent Ms. Ancheta a letter that stated, in part:

"Verizon Wireless is committed to providing our customers with support when possible, and would like the opportunity to offer Extended Payment options that could help pay your balance over a period of time."

46. On or about February 1, 2013, Ms. Ancheta spoke with Verizon employee Arthur, who demanded that Ms. Ancheta pay her balance.

47. Ms. Ancheta informed him that she disputed the debt and asked not to be contacted.

48. Despite multiple requests to cease calling, Verizon repeatedly and continuously telephoned Ms. Ancheta at all hours of the day (multiple times a day).

**Verizon Shuts Down Ms. Ancheta's Legitimate Phone Line**

49. On or about February 6, 2013, Verizon received a letter from Verizon stating, in part:

"This is formal notification that your Verizon Wireless service will be permanently disconnected unless the seriously past-due balance on this account is paid in full immediately."

50. On or about March 1, 2013, Ebony, an employee of Verizon called Ms. Ancheta in an attempt to collect a debt.

COMPLAINT

7

51. During that phone call, Ms. Ancheta stated that she disputed the debt and was a victim of identity theft.

52. Ms. Ancheta further requested that Verizon cease calling and stated that they were harassing her.

53. On March 1, 2013, Ms. Ancheta sent Verizon another letter stating, in part:

> "I have already sent a check to pay my balance but you are trying to charge me even more than that. I have tried to tell you many times that someone opened an account in my name without my knowledge.
>
> I have called the fraud department many times and sent them all requested documents to fix this. This is extremely stressful for me. I feel you guys just want to collect your money and don't care to help me. Now you cut my phone service because of this. Please fix this. Please remove the charges I did not make. I'm including another copy of my police report."

**Verizon Hires a Third Party Debt Collector to Pressure Ms. Ancheta to Pay**

54. Verizon never responded to Ms. Ancheta's letter dated March 1, 2013.

55. Instead, Verizon instructed a third party debt collector, CBE Group, Inc. ("CBE") to begin demanding payment from Ms. Ancheta.

56. On information and belief, Verizon informed CBE that Ms. Ancheta disputed the debt and was a victim of identity theft.

57. Alternatively, on information and belief, Verizon negligently failed to inform CBE that Ms. Ancheta disputed the debt and was a victim of identity theft.

58. On or about March 25, 2013, Ms. Ancheta received a letter from CBE demanding that Ms. Ancheta pay $1,236.08, all related to the fraudulent charges made by someone else who stole her identity.

59. On or about March 27, 2013, CBE telephoned Ms. Ancheta demanding payment.

60. Ms. Ancheta spoke with CBE's debt collector Ms. Steinvron.

COMPLAINT

8

61. Ms. Ancheta requested that the telephone calls stop, and informed Ms. Steinvron that she was a victim of identity theft.

62. Ms. Steinvron stated that she cannot stop Verizon from telephoning Ms. Ancheta.

**Verizon Refuses to Provide Ms. Ancheta with a Copy of the Surveillance Video**

63. On or about April 8, 2013, Ms. Ancheta sent Verizon's CEO, Daniel Mead a letter stating, in part:

> "Someone went to a Verizon Store on December 10, 2012 and bought a phone in my name, but I did not approve it. Could you give me a copy of the video that day so I could see what happened?

64. Shortly thereafter, Ms. Ancheta sent Verizon's' CEO, Daniel Mead an e-mail repeating her request for the surveillance video that she made in her April 8, 2013 letter.

65. On or about April 15, 2013, Verizon's employee Ms. Jennifer Chen responded and stated, in part:

> "We regret to inform you that we cannot honor your request for the surveillance video from the Verizon Wireless store; that request is only available via court order."

At all relevant times, the conduct of each defendant named above, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, in conscious disregard for the rights of others, and is a gross and negligent disregard of the rights of Ms. Ancheta.

**V. FIRST CLAIM FOR RELIEF – CALIFORNIA IDENTITY THEFT STATUTE**
*(Against VERIZON - Cal Civil Code section 1798.92 et. seq)*

66. Ms. Ancheta repeats and re-alleges the paragraphs above.

67. Verizon is a "claimant" within the meaning of Civil Code section 1798.92(a) in that it is a person who purports to have a claim for money or interest in property in connection with a transaction procured by identity theft.

COMPLAINT

9

68. Ms. Ancheta is a "victim of identity theft" within the meaning of Civil Code section 1798.92(c) in that she is a person who has had her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property which Ms. Ancheta did not use or possess, and she has filed a police report in this regard pursuant to Penal Code section 530.5.

69. Ms. Ancheta is a victim of identity theft within the meaning of Penal Code section 530.5, in connection with the Verizon fraudulent charges.

70. Verizon's acts and omissions violated Civil Code sections 1798.92 and 1798.93 including, but not limited to, the sections listed below.

71. Pursuant to Civil Code section 1798.93(c)(1), Ms. Ancheta is entitled to a declaration that she is not obligated on any claim of Verizon for money or property.

72. Ms. Ancheta is entitled to a declaration that any security interest that Verizon may have in some property Ms. Ancheta allegedly owns or owned is void and/or unenforceable.

73. Pursuant to Civil Code section 1798.93(c)(3), Ms. Ancheta is entitled to an injunction restraining Verizon from collecting or attempting to collect from her on its alleged claims, from enforcing or attempting to enforce any security interest or other interest in her alleged property in connection with Verizon's claims, and from enforcing or executing on any judgment against Ms. Ancheta on such claims.

74. Pursuant to Civil Code section 1798.93(c)(5), Ms. Ancheta is entitled to damages, attorney fees, costs, and any equitable relief the court deems appropriate.

75. Pursuant to Civil Code section 1798.93(c)(6), Ms. Ancheta is entitled to a civil penalty of $30,000. Ms. Ancheta provided written notice to Verizon, at least thirty days prior to filing an action, at the address designated by Verizon for complaints related to credit reporting issues, that a situation of identity theft might exist and explaining the basis for that belief. Verizon failed to diligently investigate Ms. Ancheta's notification of a

COMPLAINT

possible identity theft, and continued to pursue their claims against Ms. Ancheta after being presented with facts that establish Ms. Ancheta was a victim of identity theft.

76. As a result of Verizon's violations, Ms. Ancheta is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

## VI. SECOND CLAIM FOR RELIEF - RFDCPA
*(All Defendants - Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code 1788 et seq.)*

77. Ms. Ancheta repeats and re-alleges, and incorporates by reference all the paragraphs above.

78. Verizon's acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") Civil Code 1788 et seq., including but not limited to the violations of §§ 1788 et seq., 1788.11, and 1788.17.

79. Verizon violated California Civil Code § 1788.11 by communicating by telephone, with the debtor with such frequency as to be unreasonable and to constitute a harassment under the circumstances.

80. Defendants violated California Civil Code § 1788.17 (via incorporation of 15 U.S.C. 1692e), by making false, deceptive and/or misleading representations in an attempt to collect a debt, and taking action they could not legally take.

81. Defendants violated California Civil Code § 1788.17 (via incorporation of 15 U.S.C. 1692f), by engaging in an unfair and unconscionable act in an attempt to collect a debt.

82. Verizon violated California Civil Code §1788.17 (via incorporation of 15 U.S.C. 1692c) by failing to cease communicating.

83. Defendants violated California Civil Code 1788.17 (via incorporation of 15 U.S.C. 1692d), by engaging in conduct which had the natural consequence to harass, oppress, and abuse Ms. Ancheta.

COMPLAINT

11

84. As a result of Defendants' violations, Ms. Ancheta is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to Cal. Civil Code section 1788.17 and 1788.30.

## VII. THIRD CLAIM FOR RELIEF – INTRUSION UPON SECLUSION
*(Against Verizon)*

85. Ms. Ancheta repeats, re-alleges, and re-incorporates by reference all of the paragraphs above as though fully stated herein.

86. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, **to the loss of jobs**, and **to invasions of individual privacy**. 15 U.S.C. § 1692(a) (emphasis added).

87. Verizon intentionally interfered, physically or otherwise, with the solitude and seclusion of Ms. Ancheta, namely, by engaging in unlawful and intrusive communications, as noted above.

88. Verizon intentionally caused harm to Ms. Ancheta's emotional well-being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading and intruding upon Ms. Ancheta's rights to privacy.

89. Ms. Ancheta has a reasonable expectation of privacy in Ms. Ancheta's solitude, seclusion, and/or private concerns or affairs.

90. These intrusions and invasions against Ms. Ancheta by Verizon occurred in a way that would be highly offensive to a reasonable person in that position.

91. As a result of such invasions of privacy, Ms. Ancheta is entitled to actual damages in an amount to be determined at trial from Verizon.

COMPLAINT

92. Verizon acted in a despicable manner and with a conscious disregard of Ms. Ancheta's rights.

93. Verizon engaged in conduct the natural consequence was to annoy and abuse; made false, deceptive and misleading statements in an attempt to collect a debt; attempted to collect amounts not owed by law or agreement; engaged in unfair practices in an attempt to collect a debt, among other violations.

94. Verizon also acted with oppression, fraud, and/or malice, thereby entitling Ms. Ancheta to punitive damages in an amount according to proof and a finder of fact at trial.

## VIII. FOURTH CLAIM – NEGLIGENT TRAINING AND SUPERVISION
*(Against Verizon)*

95. Ms. Ancheta incorporates by reference the above paragraphs as though fully stated herein below.

96. Verizon negligently trained and supervised its employees and agents as to the performance of their job duties. As a result of such negligent instruction and supervision, the employees/agents, while carrying out their job duties, caused injury and damage to Ms. Ancheta.

97. As a direct and proximate result of Verizon's unlawful conduct, Ms. Ancheta has suffered damages in an amount to be determined at trial.

98. Verizon acted with oppression, and/or malice, thereby entitling Ms. Ancheta to punitive damages in an amount to be determined at trial. Verizon acted in a despicable manner and acted with a conscious disregard to the rights of Ms. Ancheta.

## IX. FIFTH CLAIM – NEGLIGENCE
*(Against Verizon)*

99. Ms. Ancheta incorporates by reference the above paragraphs as though fully stated herein below.

100. Verizon's outrageous, abusive and intrusive acts as described herein constituted negligence.

COMPLAINT

101. Verizon negligently inflicted emotional distress upon Ms. Ancheta.
102. Verizon breached a duty imposed and failed to exercise ordinary care.
103. Verizon owed Ms. Ancheta a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) unlawful telephone conduct (Penal Code §653m and the TCPA – Telephone Consumer Protection Act 47 U.S.C. §227(b)(1)(A)), and to properly investigate a claim of identity theft (Civil Code 1798.92 et seq).
104. The breach of such duty proximately caused injury to Ms. Ancheta.
105. The injury resulted from an occurrence the nature of which these statutes were designed to protect Ms. Ancheta from.
106. Ms. Ancheta is a member of the class of persons the statutes were designed to protect.
107. Verizon's conduct, as described herein, was wrongful conduct in that Verizon conducted its business in an abusive, oppressive, and harassing manner.
108. As a direct and proximate result of Verizon's unlawful conduct, Ms. Ancheta has suffered damages in an amount to be determined at trial. Verizon's wrongful conduct as described herein actually and proximately caused Ms. Ancheta's harm, as noted above.
109. Verizon acted with oppression, and/or malice, thereby entitling Ms. Ancheta to punitive damages in an amount to be determined at trial. Verizon acted in a despicable manner and acted with a conscious disregard to the rights of Ms. Ancheta.

## X. SIXTH CLAIM – TCPA
*(Against Verizon - Telephone Consumer Protection Act)*

110. Ms. Ancheta repeats, re-alleges and incorporates by reference all other paragraphs.
111. At all times relevant to this complaint, Ms. Ancheta was and is a "person" as defined by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 153(32).
112. At all times relevant to this complaint, Verizon has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

COMPLAINT

113. Verizon, at all times relevant to the complaint herein, engaged in "telecommunications" defined by the TCPA, 47 U.S.C § 153(43).

114. Verizon, at all times relevant to the complaint herein, engaged and engages in "interstate" communications" by the TCPA, 47 U.S.C. § 153(22).

115. At all times relevant to this complaint, Verizon used, controlled, and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

116. At all times relevant to this complaint, Verizon used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f)(1).

117. Verizon violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone Ms. Ancheta's cellular phone in an attempt to collect an alleged debt.

118. Verizon frequently made calls to Ms. Ancheta's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and/or an artificial or prerecorded voice.

119. Verizon placed auto-dialer or prerecorded calls to Ms. Ancheta's cellular telephone

120. Verizon's violations were willful and knowing and intentional.

121. As a result of these violations of the TCPA, Verizon is liable to Ms. Ancheta for statutory damages, including treble damages.

122. Verizon engaged in willful and knowing violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

123. Verizon used an automated telephone dialing system and pre-recorded messages to telephone Ms. Ancheta's cellular telephone.

COMPLAINT

124. Verizon acted with oppression, fraud, and/or malice, thereby entitling Ms. Ancheta to punitive damages in an amount according to proof and a finder of fact at trial.

125. Ms. Ancheta is entitled to recover actual and punitive damages.

## XI. PRAYER FOR RELIEF

WHEREFORE, Ms. Ancheta, respectfully prays that judgment be entered for the following:

    A. Statutory damages pursuant to Civil Code sections 1788.30 and 1788.17 against Defendants.

    B. Statutory damages pursuant to the TCPA (including a trebling of those damages) against Verizon;

    C. Costs and reasonable attorney's fees pursuant to Civil Code 1788.30 and 1798.93, 15 U.S.C. 1692k against Verizon;

    D. Costs and reasonable attorney's fees pursuant to Civil Code 1788.30 and 15 U.S.C. 1692k against Defendants;

    E. Actual damages against Defendants;

    F. Punitive damages pursuant to Cal. Civil Code 3294 against Verizon;

    G. Statutory/Punitive Damages pursuant to 1798 *et se* against Verizon;

    H. Injunctive relief pursuant to 1798.93 and 47 U.S.C. 227(b)(3)(A) against Verizon;

    I. That this Court find and declare that Ms. Ancheta is a victim of identity theft with respect to the above mentioned account;

    J. For declaratory, injunctive and other equitable relief; including an order directing Verizon to cease from any reporting of this fraudulent account or any

COMPLAINT

other inaccurate or incomplete information arising out of this fraud on Ms. Ancheta's credit reports.

K. For such other and further relief as may be just and proper.

Respectfully submitted,

_____          4/24/13
Ben Dupre, Counsel for Ms. Ancheta          Date

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Ms. Ancheta demands trial by jury in this action.

_____          4/24/13
Ben Dupre, Counsel for Ms. Ancheta          Date

COMPLAINT